UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

——————

AUBREY STANLEY #257143,

                     Plaintiff,                             Case No. 2:08-cv-145

v.                                                        Honorable Robert Holmes Bell

RANDY VINING, et al.,

                     Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.    Factual allegations

Plaintiff Aubrey Stanley, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Randy Vining, Warden David Bergh, and Inspector Unknown Contreras. Plaintiff seeks nominal, compensatory and punitive damages, as well as injunctive relief.

Plaintiff alleges in his complaint that on October 11, 2007, Defendant Vining came to his cell to pass out mail. Plaintiff was given a legal mail receipt to sign, when Defendant Vining began to "skim" Plaintiff's legal mail. Plaintiff complained that Defendant Vining should not be reading his legal mail, and Defendant Vining responded that he was making sure it was not U.C.C. mail. Defendant Vining told Plaintiff that he had been checking mail in this manner for 18 years and would continue to do so. Defendant Vining told Plaintiff that he could file a grievance on the issue and provided Plaintiff with a grievance form upon his request.

On October 15, 2007, Plaintiff wrote to Defendant Contreras and informed him that Defendant Vining repeatedly skimmed his legal mail. Plaintiff asked Defendant Contreras to view video of A-wing, which would show Defendant Vining reading his mail. Plaintiff filed grievances and appealed the denial of his grievances to step III. Plaintiff also sent a complaint to Defendant Bergh on October 21, 2007, to no avail. Plaintiff claims that Sergeant Arkens told him that the video on A-wing supported his claims regarding Defendant Vining. On October 31, 2007, Defendant Bergh denied Plaintiff's step II grievance appeal by stating that attorney to client mail must be opened in the presence of the prisoner and inspected, rather than searched in the mail office like

other mail, and that Defendant Vining had stated that he was performing this task in a professional manner.  Plaintiff also sent a written complaint to Grievance Coordinator Wayne Trierweiler.

Plaintiff also asserts that Defendant Vining wrote a retaliatory misconduct ticket on him for insolence on October 29, 2007.  According to the ticket, Plaintiff became upset when Defendant Vining opened his legal mail to ensure that there was no contraband and that it was indeed legal mail.  Plaintiff asked Defendant Vining whether he was "stupid," or just an "idiot" and told Defendant Vining that he could not read his legal mail.  Plaintiff attaches a copy of the misconduct ticket to his complaint.  Plaintiff also attaches a copy of the hearing report, which reveals that Plaintiff admitted that he had called Defendant Vining "crazy."  Plaintiff was found guilty of the misconduct ticket on November 13, 2007.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendant Vining improperly read his legal mail in violation of his First Amendment rights and that Defendants Bergh and Contreras failed to correct

this situation. Incoming mail has long been recognized to pose a greater threat to prison order and security than outgoing mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). The Michigan Department of Corrections may require that inmates specifically request that their legal mail be opened in their presence. *Knop v. Johnson*, 667 F. Supp. 467, 473 (W.D. Mich. 1987), *appeal dismissed*, 841 F.2d 1126 (6th Cir. 1988). Further, a prison can restrict the opening of special mail in the presence of the inmate to those situations wherein the sender is identified as an attorney and the envelope makes a specific restriction on the opening. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). With regard to mail from an inmate's attorney, prison officials have a right to open and inspect such mail for contraband. However, they may not read the mail and must allow the prisoner to be present, upon request, if the envelope is marked as confidential. *Lavado v. Keohane*, 992 F.2d 601, 607-09 (6th Cir. 1993); *see also Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (court abandoned the *per se* rule that the Constitution requires that the opening and inspection of legal mail be in the presence of the inmate).

As noted above, Plaintiff claimed that Defendant Vining opened his legal mail in Plaintiff's presence and "skimmed" it. Defendant Vining informed Plaintiff that he was merely checking the mail for contraband and ensuring that it was actually legal mail. In the opinion of the undersigned, the skimming of Plaintiff's legal mail to ensure that it is actually legal mail does not rise to the level of a First Amendment violation. Therefore, the undersigned recommends dismissal of this claim.

Plaintiff also claims that Defendant Vining violated his right to be free from retaliation when he wrote a misconduct ticket on Plaintiff for "insolence." Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X*

- 4 -

*v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394.  Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

        In this case, Defendant Vining wrote the ticket on Plaintiff for calling him names. During the misconduct hearing, Plaintiff conceded that he had called Defendant Vining "crazy." Therefore, the ticket does not appear to have been motivated by a desire to retaliate against Plaintiff. Accordingly, the undersigned recommends dismissal of this claim.

        Finally, the undersigned notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

- 5 -

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Bergh and Contreras were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Bergh and Contreras played in this action involved the denial of administrative

grievances or the failure to act.  Defendants Bergh and Contreras cannot be liable for such conduct under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000).  Accordingly, the Court concludes that Plaintiff's claims against Defendants Bergh and Contreras are properly dismissed for lack of personal involvement.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 31, 2008


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).