UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AUBREY STANLEY #257143,

       Plaintiff,

                                      File No. 2:08-CV-145

v.

                                      HON. ROBERT HOLMES BELL

RANDY VINING, et al.,

       Defendants.
                                          /

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

On July 31, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Aubrey Stanley's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. On August 14, 2008, Plaintiff filed objections to the R&R as well as a motion for enlargement of time to file objections. (Dkt. Nos. 6, 8.) On October 22, 2008, Plaintiff filed a motion to produce exhibits. (Dkt. No. 16.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff requested an enlargement of time to file objections while he awaited assistance from the prison legal writer. Plaintiff's objections were timely filed and they will be considered by the Court. Accordingly, Plaintiff's motion for enlargement of time will be denied as moot.

The R&R recommends dismissal of Plaintiff's legal mail claim because an allegation that a guard skimmed a prisoner's legal mail while opening it in the prisoner's presence is not sufficient to rise to the level of a First Amendment violation. Plaintiff objects to the dismissal of his legal mail claim based upon Policy Directive 05.03.118 which provides that the content of legal mail shall not be skimmed.

Defendant Vining's alleged failure to comply with a state policy does not in and of itself establish a constitutional claim. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). For constitutional standards, the Court looks to federal case law. The Court is aware of no federal case that would suggest that the skimming of legal mail for contraband and to determine whether it is in fact legal mail violates any constitutional standards. Courts have consistently held that the Constitution does not prohibit prison officials from opening legal mail and inspecting it for contraband in the presence of the prisoner. *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003). In addition, it is well established that "[n]ot all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights." *Id.* Accordingly, the Court agrees that Plaintiff has failed to state a constitutional legal mail claim.

The R&R recommends dismissal of Plaintiff's retaliation claim because Plaintiff concedes that Defendant Vining wrote Plaintiff a misconduct ticket for "insolence" after Plaintiff called Defendant Vining "crazy." Plaintiff objects to dismissal of his claim because he contends that Defendant Vining provoked his response. The Sixth Circuit recently reaffirmed that "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one" of the three-step retaliation analysis. *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Because Plaintiff admits that he called Defendant Vining "crazy," he was not engaged in protected conduct and has not stated a claim for retaliation.

The R&R recommends dismissal of Plaintiff's claim against supervisory officials David Bergh and Unknown Contreras because Plaintiff has failed to allege that they were personally involved in the activity which forms the basis of his claim. Plaintiff objects to this recommendation because supervisory liability can attach when a plaintiff shows that an official has "implicitly authorized, approved or knowingly acquiesced" in the unconstitutional conduct of the offending employee. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). However, Plaintiff has not challenged the Magistrate Judge's observation that the only roles Defendants Bergh and Contreras played in this action involved the denial of administrative grievances or the failure to act. The R&R correctly states that § 1983 liability may not be imposed based on a defendant's denial of an

administrative grievance or failure to act. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).

Upon *de novo* review the Court agrees with the Magistrate Judge that Plaintiff's complaint as a whole is subject to dismissal for failure to state a claim. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for enlargement of time to file objections (Dkt. No. 8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to produce exhibits (Dkt. No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: November 24, 2008         /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE